OPINION OF THE COURT
SCIRICA, Chief Judge.
Lester M. Warren appeals the dismissal of his federal civil rights complaint against thirty-three defendants. This action, brought under 42 U.S.C. § 1983, arose from the dismissal of Warren’s state-court medical malpractice and wrongful death suit against eighteen of the present defendants. In his federal complaint, Warren alleges several conspiracies that arose in the handling of his state-court action in the Court of Common Please of Dauphin County and the Pennsylvania Superior Court. In addition to the defendants from the state-court proceeding, Warren added as defendants in his federal complaint all of the state court defendants’ lawyers and the county and state judges who presided over his earlier litigation. By four separate orders, granting five motions to dismiss, the District Court dismissed Warren’s complaint against all thirty-three of the defendants. The District Court found it did not have subject matter jurisdiction under the Rooker-Feldman doctrine because the claim required the court to review a state court judgment.[1] We will affirm.
As we write primarily for the parties, we need not set forth in detail the complex procedural and factual background of this case. In sum, the Pennsylvania Superior Court entered a judgment of non pros against Warren for failure to file appropriate Certificates of Merit, as required under Pennsylvania law for medial malpractice actions. Warren subsequently filed this action alleging “a vast conspiracy existed between the Defendant Judges, Defendant doctors and Defendant legal practitioners to deprive him of his constitutional and statutory rights.” A-434b. Furthermore, he alleges that all defendants violated the Pennsylvania Constitution in ways that amount to negligence and gross negligence.
Warren’s appellate brief does not raise any colorable claims. It alleges Warren was “deprived of his federally protected and Pennsylvania Constitution protected *727 right to appeal, which was rendered a nullity by the state court’s striking certain Defendants from the caption of the wrongful death case, and of his federally and state protected property rights, including damages in the wrongful death case, by the vexatious and biased acts, in violation of settled law, of Defendants to needlessly and deliberately increase the cost of litigation, and to violate the Plaintiffs right to due process and equal protection of the law.” Appellant Br. 3. This allegation is repeated verbatim throughout Warren’s brief unsupported by any factual allegations. The rest of the brief is comprised of short paragraphs which read like paren-theticals, describing cases and statutes, but not actually connecting such material to the facts of the appeal before us. Warren repeatedly mentions a conspiracy to deprive him of his constitutional and statutory rights, but without any factual details.
The District Court held it did not have subject matter jurisdiction because the “Rooker-Feldman doctrine operates as a bar to Plaintiffs claims in this action.” A-437b. The Rooker-Feldman doctrine prohibits federal courts from exercising jurisdiction over a claim which is functionally an equivalent of an appeal from a state court judgment. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). “Rooker-Feldman applies only when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual.” FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir.1996).
The United States Supreme Court has narrowed the applicability of the Rooker-Feldman doctrine to cases “brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.” Exxon Mobil Corp. v. Saudi Basic Industries, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). As the District Court found, Warren’s complaint fits this description of cases barred by the Rooker-Feldman doctrine. Warren lost in state court, he then complained of injuries caused by a state-court judgment rendered before the district court proceedings and then sought relief to review and reject the determinations made by the state courts.
If as Warren alleges, “the state-court decision was wrong,” Congress has empowered the United States Supreme Court to exercise appellate authority to “reverse or modify a state-court judgment.” Id. (internal quotation omitted). We will affirm the judgment of the District Court.

. "The District Court held that it lacked jurisdiction under the Rooker-Feldman doctrine. We exercise plenary review over the decision to grant the motion to dismiss for lack of subject matter jurisdiction.” Marran v. Marran, 376 F.3d 143, 149 (3d Cir.2004).